UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WENLIANG LIU,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, ET AL.,

Respondents.

No. 1:26-cv-06704-DAD-AC

ORDER DIRECTING RESPONDENTS TO FILE SUPPLEMENTAL BRIEFING

On August 24, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Also on August 24, 2026, petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. No. 2.) The court issued an order on August 26, 2026, requiring respondents to respond to the petition for writ of habeas corpus and petitioner's motion for a TRO. (Doc. No. 5.) On August 31, 2026, the matter was reassigned to the undersigned as a related case. (Doc. No. 6.) Respondents then filed their response. (Doc. No. 7.)

Based upon the submissions of the parties to date, the facts of this case appear to be as follows. Petitioner is a citizen of the People's Republic of China and entered the United States on or about August 10, 2023. (Doc. No. 7 at 2.) Thereafter, on March 21, 2026, at a scheduled immigration check-in appointment, petitioner was detained by immigration officials. (*Id.* at 2.)

An immigration judge ("IJ") ordered petitioner removed to China on April 14, 2026. (Doc. No. 7 at 2.) Petitioner did not appeal that removal order which, as petitioner concedes, became final on May 14, 2026. (Doc. No. 1 at 2.) Petitioner remains in immigration custody to this day.

In his pending habeas petition, petitioner argues that his current detention was unlawful from its inception because it violated his Fifth Amendment due process rights and that his continued detention also violates his right to due process. (*Id*. at 2–3.) Petitioner acknowledges that his current detention is pursuant to 8 U.S.C. § 1231 due to his order of removal having become final on May 14, 2026, but contends that he has now remained detained beyond the 90-day post-removal period. (Doc. No. 1 at 6.) Further, and most importantly for purposes of this order, petitioner also argues that the government has not followed its own regulations which require that he be provided a post-custody review after the 90-day period expires. (Doc. No. 2 at 3.)

Respondents agree that petitioner is presently detained pursuant to § 1231, but argue that petitioner's detention remains lawful because he is still within the six month presumptive period of detention after being ordered removed. (Doc. No. 7 at 2-3.) As explained below, the court will order further briefing from respondents addressing petitioner's argument that the government failed to follow its own regulations by not providing him a post-custody review when he remained detained after the 90-day period after the removal order had expired.

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) the United States Supreme Court held that a six-month period of detention of noncitizens subject to a removal order is presumptively reasonable. However, that is but a mere presumption that can be rebutted. Indeed, as the Supreme Court explained, "[a]fter this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*; *see also* *Zavvar v. Scott*, No. 25-cv-02104-TDC, 2025 WL 2592543, at *6 (D. Md. Sept. 8, 2025) (explaining that the six-month presumption is just that, and while the government "has no burden to justify detention" during this period, the presumption "may be overcome by [petitioner's] proof that removal is not reasonably foreseeable") (internal quotation marks and citation omitted). As

acknowledged above, according to respondents petitioner is still within that six-month presumptive detention window.

What respondents' analysis lacks is a discussion of petitioner's argument regarding the purported government's failure to follow its own regulations in failing to provide him a post-order custody review following the first 90 days of his detention. Indeed, one district court has noted that the government's failure to provide such a post-custody determination within the first 90 days violated an immigration detainee's due process rights. *See Singh v. Taylor*, 819 F. Supp.3d 598, 604 (W.D. Tex. 2026); *see also* 8 C.F.R. § 241.4(k)(1)(i).

Accordingly, prior to ruling on this matter, the court will give respondents the opportunity to file a supplemental brief addressing this issue.

For the reasons stated above,

1. Within two (2) days of the service of this order, respondents may file a supplemental brief addressing whether the government has complied with the relevant regulations in providing petitioner with a post-custody review within his first 90 days of immigration detention; and
2. Respondents failure to file a supplemental brief within two (2) days will be construed as a concession that the government did not comply with the applicable regulations, in which case the court may order petitioner's immediate release to address the violation of petitioner's due process rights for the same reasons stated by the court in *Singh*, 819 F. Supp.3d at 604.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE